1  BILAL A. ESSAYLI
   United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   LISA J. LINDHORST (Cal. Bar No. 305399)
4  Assistant United States Attorney
   Orange County Office
5       United States Courthouse
        411 West Fourth Street, Suite 8000
6       Santa Ana, California
        Telephone: (714) 338-3537
7       Facsimile: (213) 894-0141
        E-mail:    Lisa.Lindhorst@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. 2:24-CR-00689-FLA

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       BENJAMIN ANTHONY COLLINS
14              v.

15  BENJAMIN ANTHONY COLLINS,
        aka "BenzThaKidd,"
16
            Defendant.
17

18

19       1.   This constitutes the plea agreement between BENJAMIN

20  ANTHONY COLLINS ("defendant") and the United States Attorney's Office

21  for the Central District of California (the "USAO") in the above-

22  captioned case.  This agreement is limited to the USAO and cannot

23  bind any other federal, state, local, or foreign prosecuting,

24  enforcement, administrative, or regulatory authorities.

25              DEFENDANT'S OBLIGATIONS

26       2.   Defendant agrees to:

27       a.   Give up the right to indictment by a grand jury and,

28  at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count first superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with distribution of Protonitazene, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (the "superseding information").

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

      h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

      i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a

1  guilty plea, deliver the signed and dated statement, along with all
2  of the documents requested therein, to the USAO by either email at
3  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
4  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
5  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
6  criminal debt shall be assessed based on the completed Financial
7  Disclosure Statement and all required supporting documents, as well
8  as other relevant information relating to ability to pay.

9        j.   Authorize the USAO to obtain a credit report upon
10 returning a signed copy of this plea agreement.

11       k.   Consent to the USAO inspecting and copying all of
12 defendant's financial documents and financial information held by the
13 United States Probation and Pretrial Services Office.

14       l.   Recommend that defendant be sentenced to a term of
15 imprisonment of no less than 120 months and not seek, argue, or
16 suggest in any way, either orally or in writing, that the Court
17 impose a term of imprisonment below 120 months.

<u>THE USAO'S OBLIGATIONS</u>

19   3.   The USAO agrees to:

20       a.   Not contest facts agreed to in this agreement.

21       b.   Abide by all agreements regarding sentencing contained
22 in this agreement.

23       c.   At the time of sentencing, move to dismiss the
24 underlying indictment as against defendant.  Defendant agrees,
25 however, that at the time of sentencing the Court may consider any
26 dismissed charges in determining the applicable Sentencing Guidelines
27 range, the propriety and extent of any departure from that range, and
28 the sentence to be imposed.

1       d.   At the time of sentencing, provided that defendant

2 demonstrates an acceptance of responsibility for the offense up to

3 and including the time of sentencing, recommend a two-level reduction

4 in the applicable Sentencing Guidelines offense level, pursuant to

5 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6 additional one-level reduction if available under that section.

7 NATURE OF THE OFFENSE

8     4.   Defendant understands that for defendant to be guilty of

9 the crime charged in the single-count first superseding information,

10 that is, distribution of Protonitazene, in violation of Title 21,

11 United States Code, Sections 841(a)(1), (b)(1)(C), the following must

12 be true: (1) defendant knowingly distributed Protonitazene to another

13 person; and (2) defendant knew it was Protonitazene or any other

14 federally controlled substance.

15 PENALTIES AND RESTITUTION

16     5.   Defendant understands that the statutory maximum sentence

17 that the Court can impose for a violation of Title 21, United States

18 Code, Sections 841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a

19 lifetime period of supervised release; a fine of $1,000,000 or twice

20 the gross gain or gross loss resulting from the offense, whichever is

21 greatest; and a mandatory special assessment of $100.

22     6.   Defendant understands that the statutory mandatory minimum

23 sentence that the Court must impose for a violation of 21 U.S.C.

24 Sections 841(a)(1), (b)(1)(C) is: a three-year period of supervised

25 release, and a mandatory special assessment of $100.

26     7.   Defendant understands that defendant will be required to

27 pay full restitution to the family of the victim who died as a result

28 of the offense conduct for which defendant is pleading guilty.

4

Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to the family of the victim for any losses caused by the following: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $15,000 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant

understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

//

//

//

1

FACTUAL BASIS

2    12.    Defendant admits that defendant is, in fact, guilty of the

3    offense to which defendant is agreeing to plead guilty.  Defendant

4    and the USAO agree to the statement of facts provided below and agree

5    that this statement of facts is sufficient to support a plea of

6    guilty to the charge described in this agreement and to establish the

7    Sentencing Guidelines factors set forth in paragraph 15 below but is

8    not meant to be a complete recitation of all facts relevant to the

9    underlying criminal conduct or all facts known to either party that

10   relate to that conduct.

11       On or about April 19, 2024, in Los Angeles County, within the

12   Central District of California, defendant knowingly distributed a

13   federally controlled substance that contained Protonitazene to the

14   decedent, B.J.  Specifically, on April 19, 2024, B.J. contacted

15   defendant on Instagram requesting "percs," i.e., Percocet or

16   counterfeit Oxycodone pills. Defendant responded that he could

17   provide as many "percs" as B.J. wanted, for $20 a pill. They agreed

18   on 5 "percs." Defendant also stated that he had "bulk" supplies and

19   could sell B.J. 50-100 pills in the future. After B.J. expressed

20   concerns about recent friends overdosing on fake "percs" laced with

21   fentanyl, defendant assured B.J. that his "percs" were real and not

22   fake.

23       Defendant provided B.J. the pills on April 19, 2024.  Moments

24   after B.J. consumed the pills defendant sold him, B.J. died from a

25   fatal Protonitazene overdose.  If not for consuming the pills

26   containing Protonitazene received from defendant, B.J. would not have

27   died.

28

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

14.  Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that defendant committed a separate violation of 21 U.S.C. § 841(b)(1)(C) (distribution of Protonitazene resulting in death), in that, on or about April 19, 2024, defendant knowingly and intentionally distributed Protonitazene, the use of which resulted in the death of B.J., and that such overdose death resulting from defendant's distribution of Protonitazene constitutes a more serious offense than the offense of conviction for purposes of calculating the applicable Sentencing Guidelines offense level.  Accordingly, pursuant to U.S.S.G. §§ 2d1.1(a)(2), 1B1.2(a), and 1B1.2(c), the parties stipulate that the Court should calculate the Sentencing Guidelines as if defendant had been convicted of the offense described in this paragraph and apply a base offense level of 38. The parties further stipulate that application of such a base offense level, which is greater than the base offense level that would

otherwise apply, is independently supported by U.S.S.G. § 5k2.1.
Defendant will not recommend, argue, or otherwise suggest that the
court impose a base offense level other than 38.

    15.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

    Base Offense Level:            38        U.S.S.G. § 2D1.1(a)(2)
Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate, subject to paragraphs 2(l)
and 14 above.

    16.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

    17.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7), subject to paragraphs 2(h) and
3(e) above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

    18.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

        c.    The right to be represented by counsel -- and if
necessary, have the Court appoint counsel -- at trial. Defendant
understands, however, that, defendant retains the right to be
represented by counsel -- and if necessary have the Court appoint
counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION; WAIVER OF COLLATERAL ATTACK

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of

newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

21.  Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than 240 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order; (e) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of

1  imprisonment of no less than 120 months, the USAO gives up its right
2  to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

3
4      23.  Defendant agrees that if, after entering a guilty plea
5  pursuant to this agreement, defendant seeks to withdraw and succeeds
6  in withdrawing defendant's guilty plea on any basis other than a
7  claim and finding that entry into this plea agreement was
8  involuntary, then (a) the USAO will be relieved of all of its
9  obligations under this agreement; and (b) should the USAO choose to
10 pursue any charge that was either dismissed or not filed as a result
11 of this agreement, then (i) any applicable statute of limitations
12 will be tolled between the date of defendant's signing of this
13 agreement and the filing commencing any such action; and
14 (ii) defendant waives and gives up all defenses based on the statute
15 of limitations, any claim of pre-indictment delay, or any speedy
16 trial claim with respect to any such action, except to the extent
17 that such defenses existed as of the date of defendant's signing this
18 agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19
20     24.  Defendant agrees that if the count of conviction is
21 vacated, reversed, or set aside, both the USAO and defendant will be
22 released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23
24     25.  This agreement is effective upon signature and execution of
25 all required certifications by defendant, defendant's counsel, and an
26 Assistant United States Attorney.
27
28

12

BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1    c.   Defendant agrees that: (i) any statements made by

2 defendant, under oath, at the guilty plea hearing (if such a hearing

3 occurred prior to the breach); (ii) the agreed to factual basis

4 statement in this agreement; and (iii) any evidence derived from such

5 statements, shall be admissible against defendant in any such action

6 against defendant, and defendant waives and gives up any claim under

7 the United States Constitution, any statute, Rule 410 of the Federal

8 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

9 Procedure, or any other federal rule, that the statements or any

10 evidence derived from the statements should be suppressed or are

11 inadmissible.

12  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

13  OFFICE NOT PARTIES

14    28.  Defendant understands that the Court and the United States

15 Probation and Pretrial Services Office are not parties to this

16 agreement and need not accept any of the USAO's sentencing

17 recommendations or the parties' agreements to facts or sentencing

18 factors.

19    29.  Defendant understands that both defendant and the USAO are

20 free to: (a) supplement the facts by supplying relevant information

21 to the United States Probation and Pretrial Services Office and the

22 Court, (b) correct any and all factual misstatements relating to the

23 Court's Sentencing Guidelines calculations and determination of

24 sentence, and (c) argue on appeal and collateral review that the

25 Court's Sentencing Guidelines calculations and the sentence it

26 chooses to impose are not error, although each party agrees to

27 maintain its view that the calculations in paragraph 15 are

28 consistent with the facts of this case. While this paragraph permits

14

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

///

///

15

1

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        32.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF

8    CALIFORNIA

9    BILAL A. ESSAYLI
     United States Attorney

10

11   _____          5.25.25
     LISA J. LINDHORST                        _____
12   Assistant United States Attorney          Date

13

14   _____          5/22/25
                                              _____
15   BENJAMIN ANTHONY COLLINS                  Date
     Defendant

16

17

18   _____          5-22-25
     MARK DANIEL MELNICK                      _____
19   Attorney for Defendant BENJAMIN           Date
     ANTHONY COLLINS

20

21

22

23   <u>CERTIFICATION OF DEFENDANT</u>

24       I have read this agreement in its entirety. I have had enough

25   time to review and consider this agreement, and I have carefully and

26   thoroughly discussed every part of it with my attorney.  I understand

27   the terms of this agreement, and I voluntarily agree to those terms.

28   I have discussed the evidence with my attorney, and my attorney has

1  advised me of my rights, of possible pretrial motions that might be

2  filed, of possible defenses that might be asserted either prior to or

3  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

4  of relevant Sentencing Guidelines provisions, and of the consequences

5  of entering into this agreement.  No promises, inducements, or

6  representations of any kind have been made to me other than those

7  contained in this agreement.  No one has threatened or forced me in

8  any way to enter into this agreement.  I am satisfied with the

9  representation of my attorney in this matter, and I am pleading

10 guilty because I am guilty of the charge and wish to take advantage

11 of the promises set forth in this agreement, and not for any other

12 reason.

13

14 BENJAMIN ANTHONY COLLINS                    5/22/25
   Defendant                                   Date

15

16

17 <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

18     I am BENJAMIN ANTHONY COLLINS's attorney.  I have carefully and

19 thoroughly discussed every part of this agreement with my client.

20 Further, I have fully advised my client of his rights, of possible

21 pretrial motions that might be filed, of possible defenses that might

22 be asserted either prior to or at trial, of the sentencing factors

23 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

24 provisions, and of the consequences of entering into this agreement.

25 To my knowledge: no promises, inducements, or representations of any

26 kind have been made to my client other than those contained in this

27 agreement; no one has threatened or forced my client in any way to

28 enter into this agreement; my client's decision to enter into this

17

1   agreement is an informed and voluntary one; and the factual basis set

2   forth in this agreement is sufficient to support my client's entry of

3   a guilty plea pursuant to this agreement.

4   _____          5·22-25
                                             _____
5   MARK DANIEL MELNICK                      Date
    Attorney for Defendant BENJAMIN
6   ANTHONY COLLINS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18